**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dick Lee Calf LOOKING,**
**Defendant–Appellant.**

**No. 02–30188.**

**D.C. No. CR–01–00119–SEH.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, P.C., Mesa, AZ, David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM \*\*

Dick Lee Calf Looking appeals his conviction and 21–month sentence imposed after his guilty plea to involuntary manslaughter, in violation of 18 U.S.C. §§ 1112, 1153(a). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Looking argues that the district court plainly erred when it failed to advise him under Fed.R.Crim.P. 11(e)(2)[1] that he could not withdraw his guilty plea even if the court did not accept the recommendation set forth in the plea agreement. The government concedes this was plain error that affected Looking's substantial rights, and we agree. *See United States v. Dominguez Benitez,* 310 F.3d 1221, 1227 (9th Cir.2002) (reversing and remanding because of the district court's failure to inform the defendant that he could not withdraw his guilty plea if the court did not accept the sentencing recommendation set forth in the plea agreement). Accordingly, we reverse Looking's conviction.

Looking next contends that the government breached the plea agreement when it recommended a sentence at the high end of the sentencing range, where the plea agreement specified that the government would recommend a low-end sentence. We agree with Looking's contention, and the government concedes the error. Therefore, on remand the case shall be assigned to a different judge. *See United States v. Franco–Lopez,* 312 F.3d 984 n. 7

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Effective December 1, 2002, that provision has been renumbered Rule 11(c)(3)(B).

(9th Cir.2002) (stating that "the case law uniformly requires sentencing by a different judge where the government has breached its plea agreement").[2]

REVERSED and REMANDED.

2. Appellant's motion to expedite remand is denied as moot. Counsel for appellant's motion to withdraw at conclusion of appeal is denied without prejudice for renewal before the district court.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.